[No. A065648. First Dist., Div. Three. Sept. 25, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
RODNEY ALLEN WRICE, Defendant and Appellant.

**COUNSEL**

Geri Lynn Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PARRILLI, J.**—A jury convicted appellant Rodney Allen Wrice of two counts of first degree burglary and one count each of felony driving a vehicle without consent, misdemeanor resisting arrest, felony reckless driving while evading a police officer, and misdemeanor reckless driving. The information alleged enhancements for one prior serious felony and two

separate prior prison terms. During trial, appellant waived his right to a jury trial on the priors. After trial, appellant waived his right to a court trial on the priors and admitted the prior serious felony conviction and one prior prison term; the other prior prison term enhancement was stricken. Immediately thereafter, the court sentenced appellant to an aggregate term of fourteen years and eight months in state prison, including a five-year enhancement for the prior serious felony under Penal Code section 667,[1] and a one-year enhancement for the prior prison term under section 667.5, subdivision (b). The court credited appellant with 709 days of actual custody credit and 354 days of conduct credit, for a total of 1,063 days of pretrial credits.

It is unnecessary to recite the facts of appellant's offenses in order to resolve his contentions on appeal. First, he contends that the trial court failed to advise him of the penal consequences of admitting the enhancement allegations; thus, he contends the admissions must be set aside. Second, he claims that the trial court erroneously calculated his presentence custody credits. We hold that appellant waived any advisement error by failing to object below and that the record does not support his claim to additional custody credits. We further hold that counsel must first attempt to correct claimed custody credit errors in the trial court before seeking appellate review, unless the claimed error involves only arithmetic and is joined with other issues.

## I. DISCUSSION

### A. Failure to Advise Appellant of the Penal Consequences of His Admissions

■ A defendant who admits a prior criminal conviction must first be advised of the increased sentence that might be imposed. (*In re Yurko* (1974) 10 Cal.3d 857, 864 [112 Cal.Rptr. 513, 519 P.2d 561]; *People v. Karis* (1988) 46 Cal.3d 612, 650 [250 Cal.Rptr. 659, 758 P.2d 1189].) However, unlike the admonition required for a waiver of constitutional rights, advisement of the penal consequences of admitting a prior conviction is not constitutionally mandated. Rather, it is a judicially declared rule of criminal procedure. (*In re Yurko, supra,* 10 Cal.3d 857; *People v. Wright* (1987) 43 Cal.3d 487, 494-495 [233 Cal.Rptr. 69, 729 P.2d 260]; *People v. Walker* (1991) 54 Cal.3d 1013, 1022 [1 Cal.Rptr.2d 902, 819 P.2d 861].) Consequently, when the only error is a failure to advise of the penal consequences,

---

[1] All further statutory references are to the Penal Code.

the error is waived if not raised at or before sentencing. (*Walker, supra,* at p. 1023.) Such policies ensure the fair and orderly administration of justice. (*People v. Scott* (1994) 9 Cal.4th 331, 351 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) "The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had." (*People v. Melton* (1990) 218 Cal.App.3d 1406, 1409 [267 Cal.Rptr. 640], quoted with approval in *People v. Walker, supra,* at p. 1023.) The waiver doctrine has been applied to a variety of issues concerning the imposition of sentence and the conduct of the sentencing hearing. (For a lengthy review of such cases, see *People v. Neal* (1993) 19 Cal.App.4th 1114, 1118-1124 [24 Cal.Rptr.2d 129], quoted in part with approval in *People v. Scott, supra,* at p. 352, fn. 15.)

■ Here, while the trial court did not advise appellant of the additional prison terms for the enhancement allegations, the record discloses that appellant was not only aware of the increased penalties, but argued for leniency with that awareness. Appellant also did not object when the judge sentenced him. Appellant argues that his waiver was invalid if he was unaware of the error being waived. The cases appellant cites acknowledge that presentence probation reports provide notice and an opportunity to object to sentencing alternatives. (See *People v. Melton, supra,* 218 Cal.App.3d at p. 1409; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1469 [33 Cal.Rptr.2d 217]; *People v. Scott, supra,* 9 Cal.4th at pp. 350, 356.) It is true that the probation report in this case does not state the penal consequences of the enhancement allegations. However, attached to the probation report is a letter from the prosecutor explicitly recommending a consecutive five-year term for the section 667 prior and a consecutive one-year term for the section 667.5 prior. In appellant's sentencing memorandum filed before the sentencing hearing, he acknowledged receiving a copy of the prosecutor's letter and responded to the sentencing recommendations, including the priors. He requested a nine-year sentence, noting that this was "[t]he minimum term that could be imposed with the 667 prior," implicitly acknowledging that the five-year section 667 enhancement would be imposed. He asked the court to stay the section 667.5 enhancement. The record fully demonstrates that appellant was informed of the sentencing consequences of his admission and argued them to the trial court. Had the imposition of sentence on the enhancement allegations "come as a genuine surprise, it would have been a simple matter to bring the issue to the attention of the trial court." (*Melton, supra,* 218 Cal.App.3d at p. 1409, quoted with approval in *People v. Walker, supra,* 54 Cal.3d at p. 1023.) "Upon a timely objection, the *sentencing court* must determine whether the error prejudiced the defendant, i.e., whether it is 'reasonably probable' the defendant would not have pleaded guilty if properly advised." (*Walker, supra,* at p. 1023, citing *People v. Glennon* (1990) 225 Cal.App.3d 101, 105 [276 Cal.Rptr. 1], italics added.)

## B. *Calculation of Custody Credits*

Appellant argues that he was entitled to 716 days of actual custody credits (and a correspondingly adjusted number of conduct credits), instead of the 709 days awarded by the trial court. Appellant bases his computation on the date of his arrest, May 12, 1992, which was established by the evidence at trial. However, the probation report lists May 19, 1992, as the arrest date and accordingly states that appellant had served 709 days of actual presentence custody. The report indicates an initial arrest date of May 12, but states that one of the charges against appellant was discharged on May 14 and then recharged on May 19.[2] On this record, appellant has failed to establish that he was in actual custody continuously from May 12 to May 19, and therefore he has failed to demonstrate that he is entitled to additional presentence credit. ■ As we explain more fully below, a sentenced prisoner who complains that custodial credits were miscalculated by the trial court must first move to correct the alleged error in that court. The trial court is in the best position to determine the facts and correct custodial credit errors if there are any. Here, we have considered the merits of the claim to additional credits and conclude the record does not support such an award. However, we join our colleagues on other California Courts of Appeal who have decided that attempts to correct minor sentencing errors do not require the formal appellate process unless efforts to correct such errors have failed in the trial court. As the Fourth District stated in *People* v. *Fares* (1993) 16 Cal.App.4th 954, 958 [20 Cal.Rptr.2d 314]: "The most expeditious and, we contend, the appropriate method of correction of errors of this kind is to move for correction in the trial court. It is the obligation of the superior court, under section 2900.5, to calculate the number of credit days and include same in the abstract of judgment (§ 2900.5, subd. (d)). If a dispute arises as to the correct calculation of credit days, such should be presented on noticed motion 'for resolution to the court which imposed the sentence and which has ready access to the information necessary to resolve the dispute.' [Citation.] [¶] There is no limitation upon the right to make the motion to correct the sentence. 'The . . . effect of the court's failure to comply with [section 2900.5, subdivision (d)] [is] to render its initial finding and resulting sentence a nullity. It follows that once appropriately apprised of its inadvertence, the court therein [becomes] licensed to impose a proper finding and sentence. [Citations.]' [Citation.] The court's power to correct its judgment includes corrections required not only by errors of fact (as in the mathematical calculation) but also by errors of law. [Citation.]"

---

[2]The report states as follows: "The defendant was arrested on May 12, 1992 for the charges of 459 PC/F and 496.1 PC. The charge of violation of Section 496.1 PC was discharged on May 14, 1992. On May 19, 1992, the defendant was again charged with violation of Section 496.1 PC/F, Section 10851 VC/F, Section 245c PC/F, Section 148.10 PC/F, Section 2800.2 VC/M, Section 12500A VC/M, and Section 459 PC/F."

"A reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine. [Citation.] Section 1248 provides that the appellate court may order dismissal of any appeal which 'is irregular in any substantial particular.' We have found no precise authority which authorizes dismissal, or partial dismissal, of an otherwise proper appeal on the ground of availability of an adequate remedy by way of motion in the superior court. The situation is similar, however, to the failure to exhaust administrative remedies, with respect to which dismissal is appropriate. [Citations.] Where a remedy is available in a lower echelon of judicial administration, recourse to such should be required before the resort to appellate review. This is particularly true in situations, such as this, in which the remedy depends upon factual findings better determined by the lower tribunal, and [sic] to which the underlying record is more readily available. Also, when the miscalculation of custody credits is clearly in error, as appears often to be the case, the remedy by way of motion in the trial court will be more timely, effective, and much less costly to the system." (People v. Fares, supra, 16 Cal.App.4th 954, 959.)

Fares has been followed by the Sixth District in People v. Little (1993) 19 Cal.App.4th 449, 451-452 [23 Cal.Rptr.2d 394], by another division of the Fourth District in People v. Culpepper (1994) 24 Cal.App.4th 1134, 1138-1139 [29 Cal.Rptr.2d 719], by the Third District in People v. Robinson (1994) 25 Cal.App.4th 1256, 1258 [31 Cal.Rptr.2d 445], and by Division One of this court in People v. Salazar (1994) 29 Cal.App.4th 1550, 1557 [35 Cal.Rptr.2d 221]. In Fares, Little, Culpepper, and Robinson, the determination of custody credits was the sole issue on appeal. In People v. Guillen (1994) 25 Cal.App.4th 756, 764 [31 Cal.Rptr.2d 653], the Second District agreed that presentence credit issues should be first tendered to the trial court when a factual determination or an exercise of discretion is involved, but held that issues involving simple arithmetic may be resolved just as expeditiously through the appellate process when other appellate issues are also raised. Like the Fares, Little, Culpepper, Robinson, and Salazar courts, we conclude that counsel should proceed first in the trial court if it is claimed that presentence custody credits were miscalculated, although we agree with the Guillen court that errors involving only arithmetic computation may be properly taken up on appeal with other claimed errors. We may henceforth summarily dismiss appellate claims of error in presentence custody calculations when factual disputes or discretionary determinations are involved, unless the record discloses that efforts to correct the claimed errors were made in the trial court.

## II. DISPOSITION

The judgment is affirmed.

Merrill, Acting P. J., and Corrigan, J., concurred.