Filed 8/3/21 P. v. Cisneros CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B305366 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. KA118839 |
| RICHARD RAY CISNEROS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge. Affirmed in part, reversed in part, and remanded with directions.

Micah Reyner, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Richard Ray Cisneros was convicted of one count of making a criminal threat. After Cisneros admitted two prior strike convictions, the court sentenced him to 25 years to life in prison. On appeal, Cisneros contends he did not voluntarily and intelligently waive his constitutional rights when he admitted the prior strike convictions. Cisneros also contends the court abused its discretion when it refused to dismiss one of his strike convictions. We conclude the record does not affirmatively show Cisneros voluntarily and intelligently admitted his prior strike convictions. We reverse the sentence and remand the matter for a court trial and resentencing on the prior conviction allegations. In all other respects, we affirm the judgment.

## FACTUAL BACKGROUND

In July 2018, Cisneros was at his girlfriend's apartment. After drinking several shots of alcohol, the girlfriend told Cisneros that she wanted to end their relationship. They started arguing and Cisneros threatened to kill the girlfriend. At trial, she claimed Cisneros then punched the back of her head and face several times before grabbing a knife and holding it close to her throat while continuing to threaten to kill her.

The girlfriend eventually escaped and called the police from her neighbor's apartment. By the time the police responded, Cisneros had fled. The police searched the girlfriend's apartment but did not recover a knife.

## PROCEDURAL BACKGROUND

The People charged Cisneros with one count of making criminal threats, a felony under Penal Code[1] section 422. The People alleged Cisneros personally used a knife during the commission of the offense (§ 12022, subd. (b)(1)), and that he suffered two prior convictions that qualified as strikes (§§ 667, subds. (b)–(j), 1170.12) and serious felonies (§ 667, subd. (a)(1)).

A jury found Cisneros guilty of making criminal threats and found not true the personal use of a knife allegation. At a bifurcated hearing, Cisneros admitted the prior conviction allegations. The court denied Cisneros's motion to strike one of his prior strike convictions, but it struck the prior serious felony conviction enhancements under section 667, subdivision (a). The court sentenced Cisneros to 25 years to life in prison.

Cisneros appeals.

## DISCUSSION

### 1. Voluntary and Intelligent Waiver

Cisneros first contends he did not voluntarily and intelligently waive his constitutional rights before admitting his prior convictions. We conclude the record does not affirmatively show Cisneros voluntarily and intelligently waived his constitutional rights before admitting his prior convictions.

#### 1.1. Relevant Background

The information alleged Cisneros suffered two prior strike convictions: (1) a 1992 conviction for assault with intent to commit rape (§ 220); and (2) a 2015 conviction for making a criminal threat (§ 422).

---

[1] All undesignated statutory references are to the Penal Code.

In mid-April 2019, while the jury was deliberating on the underlying criminal threats charge in this case, the court asked defense counsel if Cisneros intended to waive his right to a jury trial on the prior conviction allegations. After defense counsel responded in the affirmative, the court addressed Cisneros:

"[T]here's two priors that have been alleged here. When it comes to those priors, you have the right to a jury to decide whether those priors had been committed or not. You have a right to a jury trial on that issue. You have a right to an attorney, which you have. You have a right to confront and question any evidence or witnesses that the District Attorney would present against you. You have a right to remain silent and cause the District Attorney to prove this. You have a right to testify on your own behalf if you so choose. You have a right to present witnesses or evidence favorable to any defense you might have regarding those issues."

The court asked Cisneros if he understood his rights. Cisneros responded, "Yes." The court then asked, "do you wish to waive those rights?" Again, Cisneros responded, "Yes."

The court continued, "You are waiving your right to a jury trial and understand that the court—it will be a court trial in front of the judge. [¶] Do you understand that?" Cisneros confirmed that he understood. The court then stated: "The court does find that Mr. Cisneros has waived his right to a jury trial knowingly and understandingly waived all of his rights as to the priors."

After the jury returned its guilty verdict, the parties agreed to schedule the sentencing hearing for mid-July 2019. In July, Cisneros asked to continue the sentencing hearing to October 2019, which the court agreed to do. The sentencing hearing was continued again to December 2019 at Cisneros's request, and then to January 2020 by the parties' agreement.

In January 2020, the parties again agreed to continue the sentencing hearing, this time to early March 2020. At the January hearing, the court stated that Cisneros has "a right to a trial on your prior conviction. Trial still pending?" Defense counsel, the same attorney who represented Cisneros at trial, told the court that Cisneros had already "admitted the prior conviction." The court noted, "Minute order said matter continued for probation sentencing on the prior. That must be the *Romero*[2] motion."

In early March 2020, the court held the sentencing hearing. When the court asked the parties to begin "the hearing on the priors," defense counsel asked the court if it meant to hold a hearing on Cisneros's motion to strike one of his prior strike convictions instead, again stating that Cisneros had already admitted the prior convictions. The court replied: "I don't recall him admitting them. [¶] On the day of the jury trial, we chose April 17th. He continued the matter for hearing on the priors and sentencing until July 10th, and we have been continuing it ever since. [¶] You can double check. I was pretty sure we put that over. We waived the jury." Defense counsel stated that she thought the parties had resolved the prior conviction allegations before the jury returned its verdict. The court explained: "I don't

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

have that in my notes, and I don't have that in my minute order." The court and counsel then conferred off the record.

Immediately after the court and the parties went back on the record, the prosecutor questioned Cisneros about his earliest prior strike conviction: "[D]o you admit that you suffered a prior conviction in case number LA010578 for violation of Penal Code section 220 with the conviction date being on or about July 16th, 1992 out of Los Angeles Superior Court?" Cisneros responded, "Yes." The prosecutor then questioned Cisneros about his second prior strike conviction: "[D]o you further admit that you suffered a second conviction in case number BA389575 for violation of Penal Code section 422, also a felony, with the conviction date on or about June 6th, 2015 out of Los Angeles Superior Court?" Cisneros confirmed he suffered that conviction as well.

The court accepted Cisneros's admissions and found true both prior strike conviction allegations.

### 1.2. Analysis

Before a court accepts a defendant's admission that he suffered a prior conviction, the defendant must be advised of and waive his constitutional right to a jury trial, his right against self-incrimination, and his right to confront and cross-examine witnesses. (*People v. Mosby* (2004) 33 Cal.4th 353, 359–360 (*Mosby*).) The court also must advise the defendant of the penal consequences of admitting the prior conviction. (*In re Yurko* (1974) 10 Cal.3d 857, 860.) But any error in failing to advise the defendant of the penal consequences of admitting a prior conviction is waived if not raised at or before sentencing. (*People v. Wrice* (1995) 38 Cal.App.4th 767, 770–771.)

A failure to fully advise a defendant of his constitutional rights before he admits a prior conviction does not require automatic reversal, however. (*Mosby, supra*, 33 Cal.4th at p. 361.)

6

Rather, "if the transcript does not reveal complete advisements and waivers, the reviewing court must examine the record of 'the entire proceeding' to assess whether the defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances." (*Ibid*.; see also *People v. Howard* (1992) 1 Cal.4th 1132, 1178 ["The record must affirmatively demonstrate that the plea was voluntary and intelligent under the totality of the circumstances."], disapproved on a different ground in *People v. Rhoades* (2019) 8 Cal.5th 393, 425, fn. 12.)

In *Mosby*, the California Supreme Court held the defendant voluntarily and intelligently admitted his prior conviction despite not being fully advised of his constitutional rights as to the prior conviction allegation. (*Mosby*, *supra*, 33 Cal.4th at pp. 358–364.) Immediately after the jury returned its guilty verdict, the court advised the defendant that he had a right to a jury trial on the prior conviction allegation, but it did not advise the defendant of his rights to confront and cross-examine witnesses and to remain silent. (*Id*. at pp. 356, 358, 364.) The defendant then waived his right to a jury trial and admitted the prior conviction. (*Id*. at pp. 358–359.)

The California Supreme Court rejected the defendant's argument that his admission of the prior conviction was not voluntary or intelligent: "[D]efendant, who was represented by counsel, had *just* undergone a jury trial at which he did not testify, although his codefendant did. Thus, [defendant] not only would have known of, but had just exercised, his right to remain silent at trial, forcing the prosecution to prove he had [committed the offense.] And, because he had, through counsel, confronted witnesses at that immediately concluded trial, he would have understood that at a trial he had the right to confrontation." (*Mosby*, *supra*, 33 Cal.4th at p. 364.)

The court also reasoned that the defendant's prior experience with the criminal justice system showed he understood the extent of his rights in any trial on the prior conviction allegation. (*Mosby*, *supra*, 33 Cal.4th at p. 365.) Specifically, the court explained: "Here defendant's prior conviction was based on a plea of guilty, at which he would have received [the necessary] advisements. … '[H]e knew he did not have to admit [the prior conviction] but could have had a jury or court trial, had just participated in a jury trial where he had confronted witnesses and remained silent, and had experience in pleading guilty in the past, namely, the very conviction that he was now admitting.' " (*Ibid*.) In all, the court concluded the totality of the circumstances affirmatively showed that the defendant's admission of his prior conviction was voluntary and intelligent, despite the fact he was only advised of his right to a jury trial. (*Ibid*.)

The court in *People v. Lloyd* (2015) 236 Cal.App.4th 49 (*Lloyd*), on the other hand, concluded that the defendant's admission of his prior convictions was not intelligent and voluntary following an incomplete advisement of his constitutional rights. In that case, while the jury was deliberating, the defendant waived his right to a jury trial on the prior prison term allegations before the court advised him of his right to a court trial. (*Id*. at p. 59.) Seven months later, the trial court conducted the sentencing hearing, at which the defendant, who was now represented by a different attorney from the one who represented him at trial, admitted the prior prison term allegations. (*Id*. at pp. 52, 59.) Before the defendant admitted the allegations, the court never advised him of his right to confront and cross-examine witnesses or of his right to remain silent. (*Id*. at pp. 59–60.)

The reviewing court concluded that, under the totality of the circumstances, the defendant's admission of the prior prison term allegations was neither voluntary nor intelligent. (*Lloyd*, *supra*, 236 Cal.App.4th at pp. 59–60.) The seven-month interval between the trial and sentencing hearing, in conjunction with the defendant's change in counsel, precluded any inference that the defendant was aware of the rights he had exercised at trial when he admitted the prior prison term allegations. (*Id*. at p. 59.) Nor was there any information in the record that showed the defendant's prior convictions stemmed from guilty pleas at which he would have been advised of, and waived, his constitutional rights. (*Id*. at p. 60.)

The record in this case does not affirmatively show Cisneros voluntarily and intelligently admitted his prior convictions. To be sure, Cisneros was advised of, and stated he intended to waive, his right to a jury trial, his right to remain silent, and his right to confront and cross-examine witnesses during his colloquy with the court that occurred while the jury was deliberating on the underlying criminal threats charge. But that advisement took place almost 11 months before Cisneros admitted his prior convictions, at which point he was not readvised of, or asked to waive, any of his rights as they applied to the prior conviction allegations. Thus, Cisneros's admissions did not come *immediately* after he had just gone through a trial at which he exercised his right to remain silent and observed his attorney confront and cross-examine the People's witnesses. (See *Lloyd, supra*, 236 Cal.App.4th at p. 53.)

In addition to the considerable delay between the advisement and the admissions, the extent of Cisneros's initial waiver of his rights was not clear. While Cisneros waived his right to a jury trial, the court told Cisneros that he was still

entitled to "a trial in front of the judge" on the prior conviction allegations and that a court trial on those allegations would be held on a later date. But when the court held the bifurcated hearing nearly 11 months later, Cisneros was never advised that he could still demand a court trial on the prior conviction allegations before the court took his admissions. Nor was Cisneros ever advised that his right to remain silent and right to confront and cross-examine witnesses also applied to a court trial. And, as we noted above, Cisneros's attorney, who represented him at trial, mistakenly told the court that Cisneros had already admitted the prior convictions. Given that his own counsel couldn't remember what occurred nearly 11 months earlier when Cisneros was last advised of his rights as they pertain to the prior conviction allegations, we cannot conclude the record "affirmatively" shows Cisneros intelligently and voluntary waived his constitutional rights. (See *Lloyd, supra*, 236 Cal.App.4th at p. 59 [seven-month delay between trial and admission of prior convictions defeats inference that defendant was aware of any of the rights exercised at trial when he admitted the convictions].)

The People contend we can infer Cisneros had a discussion with his attorney about the nature and extent of his rights from the fact that the court and the parties had an off-the-record discussion immediately before Cisneros made his admissions. We disagree. We have no record of what was said during that conversation, "only that the conversation took place. It is necessary to have an adequate record for review [citation] as this ensures defendants know and understand the significance of the constitutional rights they are waiving." (*People v. Christian* (2005) 125 Cal.App.4th 688, 698 (*Christian*).)

Nor can we infer that Cisneros would have been aware of the extent of his rights as they pertain to the prior conviction allegations based on his history in the criminal justice system. While the record indicates that Cisneros suffered several felony and misdemeanor convictions before he was tried in this case, the record does not show that all those convictions were the result of guilty or no contest pleas, during which Cisneros presumably would have been advised of, and waived, the constitutional rights at issue here. We also note that one of his prior strike convictions is from 1992. The record also doesn't indicate whether any of Cisneros's prior convictions followed a bench trial, from which we could infer that he would have been aware of the extent of his rights at a court trial on the prior conviction allegations. (*Christian*, *supra*, 125 Cal.App.4th at pp. 697–698 [without information about how the defendant's prior convictions were obtained, the court could not infer the defendant's prior experience with the criminal justice system "demonstrated his present knowledge and understanding of his rights"].)

In short, the record does not affirmatively demonstrate that Cisneros understood the rights he was waiving when he admitted the prior convictions. We therefore reverse Cisneros's sentence to the extent it is based on the prior conviction allegations. On remand, the court shall try the prior conviction allegations or, following an adequate waiver of Cisneros's constitutional rights, accept an admission of the prior convictions.

11

## 2.    The Motion to Strike a Prior Strike Conviction

Cisneros next contends the court abused its discretion when it refused to strike one of his prior strike convictions. We disagree.

### 2.1.    Relevant Background

As noted above, the People alleged Cisneros suffered a strike conviction in 1992 for assault with intent to commit rape (§ 220) and another strike conviction in 2015 for making a criminal threat (§ 422).

Cisneros moved to strike one of his prior strike convictions (*Romero* motion). Cisneros outlined his background, noting that from the age of 4 years old until he was 17 years old, he was mostly under the supervision of a child welfare agency due to his father's issues with drug and alcohol abuse and his mother's unwillingness to care for him and his brother. While under the agency's supervision, Cisneros lived in various mental health facilities and foster homes. Cisneros also filed a document entitled "Supplemental Documentation for Sentencing Hearing," which included: (1) a psychological assessment of Cisneros conducted over three days in late 2019 and early 2020 convictions; (2) letters confirming Cisneros was enrolled in domestic violence and transgender empowerment classes while he was in custody; and (3) letters requesting sentencing leniency drafted by Cisneros's aunt and Cisneros's former foster parent. Cisneros urged the court to strike one of his prior strike convictions because he had a "very specialized upbringing" and would still receive a considerable sentence under a "second strike paradigm."

The People opposed Cisneros's *Romero* motion, arguing that Cisneros has engaged in a continuous pattern of serious

12

criminal conduct since he suffered his first strike in 1992. Specifically, the People pointed out that, in addition to his strike convictions, Cisneros was also convicted of misdemeanor sexual battery in 1992, felony grand theft in 1998, misdemeanor embezzlement in 1998, and misdemeanor domestic violence in 2006. The People also argued that Cisneros's two most recent strikes—the underlying 2019 criminal threats conviction and the 2015 criminal threats conviction—were both similar crimes that involved violent and egregious behavior.

The court denied Cisneros's *Romero* motion. In addressing the factors for dismissing a prior strike conviction, the court found the underlying criminal threats offense was a "violent and serious felony" and no less serious than Cisneros's two prior strike convictions. The court also noted that although the first strike was committed when Cisneros was only 18 years old, he has continued to engage in a pattern of criminal conduct without any "lessening" in the risk he poses to society. After summarizing the details of Cisneros's upbringing, the court explained: "Things seem to be as bad, if not worsening here as Mr. Cisneros ages. So while the court has compassion for the fact that he came up through the dependency system … his conduct here would indicate to the court that the factors here in regards to refusing to strike the strike far outweigh the factors in regards to striking … ."

### 2.2. Applicable Law

In the interest of justice, a trial court may strike a defendant's prior strike convictions. (§ 1385; *Romero, supra*, 13 Cal.4th at pp. 529–530.) Before deciding to strike a prior conviction, the court must consider "whether, in light of the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the

particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) The court must also consider "the defendant's constitutional rights and society's interest in the prosecution of crimes." (*People v. Johnson* (2015) 61 Cal.4th 674, 688–689.)

We review a court's denial of a motion to strike a prior conviction for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*).) The defendant carries the burden to show the court's decision was irrational or arbitrary. (*Id.* at pp. 376–377.) A court abuses its discretion when it was unaware of its discretion to strike, considered impermissible factors, failed to consider relevant factors, or made a decision that, under the circumstances of the case, was arbitrary, capricious, or patently absurd. (*Id.* at p. 378.) Generally, the decision not to dismiss a prior strike is an abuse of discretion only when the factors outlined above "manifestly support the striking of a prior conviction and no reasonable minds could differ." (*Ibid.*) In other words, the circumstances "must be extraordinary" for a defendant with multiple prior strikes to fall outside the "spirit" of the Three Strikes law. (*Id.* at p. 376.)

### 2.3. Analysis

The court did not abuse its discretion when it denied Cisneros's *Romero* motion. As a preliminary matter, the court considered and discussed the proper factors before denying the motion. That is, the court weighed the circumstances of the underlying criminal threats offense in light of Cisneros's prior strike offenses, and it considered the particulars of Cisneros's background, including his difficult upbringing. (See *Williams*,

14

*supra*, 17 Cal.4th at p. 161 [outlining standard for determining whether to dismiss a prior strike conviction].)

Relying on this Division's recent decision in *People v. Avila* (2020) 57 Cal.App.5th 1134 (*Avila*), Cisneros argues the circumstances of his current offense, prior criminal history, and his personal background are "extraordinary" such that he falls outside the spirit of the Three Strikes law. Cisneros's reliance on *Avila* is misplaced.

In *Avila*, the defendant, who had suffered three prior strike convictions, was convicted of attempted second degree robbery and attempted extortion. (*Avila*, *supra*, 57 Cal.App.5th at pp. 1139–1140.) The defendant demanded money from two vendors selling oranges, telling one of the vendors he had to pay rent "to sell at the location." (*Ibid*.) When the vendor refused, the defendant squashed two bags of the vendor's fruit and left. (*Ibid*.)

*Avila* held the trial court abused its discretion in denying the defendant's *Romero* motion. (*Avila*, *supra*, 57 Cal.App.5th at pp. 1140–1152.) This court explained that neither the attempted robbery nor the attempted extortion was a violent crime, nor did the defendant engage in violent behavior or otherwise threaten the victims. (*Id*. at p. 1146.) Instead, the defendant caused about only $20 worth of property damage when the victims refused to pay him money. (*Ibid*.) This court stressed that the defendant's "current offenses alone cannot justify the sentence imposed. It bears repeating: he squashed oranges and was sentenced to life." (*Id*. at p. 1147.) In addition, *all* the defendant's prior strike convictions occurred nearly 30 years before the current conviction. (*Id*. at p. 1148.) This court also considered the defendant's drug addiction, the fact that the defendant was 47 years old at the time his life sentence was imposed, and the

15

State's recent trend in establishing more lenient sentencing standards. (*Id*. at pp. 1150–1151.)

There are critical distinctions between the circumstances in this case and those in *Avila*. First, unlike in *Avila*, Cisneros's most recent strike offense is very recent. While Cisneros was convicted of his first strike in 1992, when he was 18 years old, he suffered his second strike conviction in June 2015, only a little more than three years before he committed the underlying criminal threats offense in this case. In other words, even after Cisneros became an adult, he continued to engage in a pattern of serious criminal conduct. If anything, the frequency at which Cisneros engages in criminal behavior has increased, not decreased, since he suffered his first strike. (See *Carmony*, *supra*, 33 Cal.4th at pp. 378–379.)

Second, this is not a case where the defendant is being sentenced to life in prison for merely "squashing oranges." (*Avila*, *supra*, 57 Cal.App.5th at p. 1147.) The circumstances of the underlying offense here are far more serious. While making criminal threats is defined as a serious, but not a violent, crime for purposes of the Three Strikes law (see §§ 667.5, 1192.7, subd. (c)(38)), Cisneros's conduct was certainly violent. That is, he verbally threatened to kill his girlfriend and acted in a physically threatening manner toward her.

Third, while Cisneros was nearly the same age at the time his sentence was imposed in this case (46 years old) as the defendant in Avila (47 years old), that factor alone does not render the court's decision to deny Cisneros's *Romero* motion an abuse of discretion. (See *People v. Strong* (2001) 87 Cal.App.4th 328, 332 [a defendant's "middle age, considered alone, cannot take a defendant outside the spirt of the [Three Strikes] law"].) As we just explained, the circumstances of the underlying offense

16

in this case were violent, and Cisneros has continued to engage in serious criminal conduct throughout his adult life. Indeed, the underlying criminal threats conviction in this case is the second strike that Cisneros has been convicted of since he turned 40 years old. Thus, unlike the defendant in *Avila*, the severity of Cisneros's criminal record has not decreased with age. (See *Avila, supra*, 57 Cal.App.5th at p. 1143.) In other words, Cisneros's current age does not remove him from the spirit of the Three Strikes law.

In sum, the facts of this case and the circumstances of Cisneros's background and criminal history show a pattern of criminal conduct that, at a minimum, has not diminished as Cisneros has gotten older. The court, therefore, did not err in finding Cisneros is not an "extraordinary" third-strike offender who falls outside the spirit of the Three Strikes law. (*Carmony, supra*, 33 Cal.4th at p. 376.)

## DISPOSITION

Cisneros's sentence is vacated and the matter is remanded for a new trial and resentencing on the prior conviction allegations. The judgment is affirmed in all other respects.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

KALRA, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.