Filed 5/28/26  P. v. Richards CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRAVEON RICHARDS,<br><br>    Defendant and Appellant. | B345279<br><br>(Los Angeles County<br>Super. Ct. No. TA154855-01) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Reversed with directions.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.

Traveon Richards brings this appeal to correct a sentencing error which both parties agree must be remedied. We agree as well.

In 2022, a jury convicted Richards of first degree murder and assault with a semiautomatic firearm. Various sentencing enhancements were also found true by the jury and by the court. The trial court sentenced Richards to 70 years to life in state prison and awarded him 476 days of presentence custody credits.

Richards appealed the conviction and sentence. On June 7, 2024, we found the trial court erred in sentencing Richards, vacated part of his sentence and remanded the case for full resentencing hearing. (*People v. Richards* (June 7, 2024, B324291) [nonpub. opn.].)

On April 4, 2025, the trial court held a resentencing hearing. It resentenced Richards to 54 years to life in state prison. The trial court did not recalculate Richards's presentence custody credits to the date of resentencing, instead directing the Department of Corrections and Rehabilitation to do so. Richards filed a notice of appeal.

On January 28, 2026, Richards filed a motion in the trial court to correct his presentence custody credits on the ground that he is entitled to 893 additional actual days of credit (the period from his original sentencing date to his resentencing date). On March 11, 2026, the trial court denied the motion, ruling that the Department of Corrections and Rehabilitation could do the recalculations and the trial court lacked jurisdiction to act because the case was pending on appeal.

Penal Code section 1237.1 requires that errors in the award of presentence custody credits be addressed to the sentencing court, even when the matter is pending on appeal. (*People v. Wrice* (1995) 38 Cal.App.4th 767, 770.) An erroneous credit calculation is an act in excess of the sentencing court's jurisdiction and may be corrected by that court whenever brought to its attention. (*People v. Jack* (1989) 213 Cal.App.3d 913, 917.)

The sentencing court must grant a defendant actual time credits both for the day of arrest and the day of sentencing. Richards was originally sentenced on October 24, 2022 and was credited with 476 presentence custody credits. He was resentenced on April 4, 2025 with the same number of credits.

Where, as here, a prison term already in progress is modified, the resentencing court must recalculate and credit against the modified sentence all actual time the defendant has already served. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29; *People v. Salgado* (2022) 82 Cal.App.5th 376, 381.) There are 893 days between and including the original sentencing date and the resentencing date. Therefore, appellant is entitled to actual credits of 1,369 days (893 plus 476), plus zero conduct credits. The trial court was responsible for making this calculation.

## DISPOSITION

The judgment is reversed with directions to the trial court to recalculate Richards's pre-sentence custody credits and issue a corrected abstract of judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


WILEY, J.


SCHERB, J.