Opinion
EPSTEIN, J.
Andy Duran challenges his convictions for attempted first degree murder, assault with a firearm, and exhibiting a deadly weapon to *269 resist arrest. He argues that the record lacks sufficient evidence to support the first and third counts. He also argues that CALJIC No. 2.90 does not adequately instruct the jury on the meaning of the phrase “beyond a reasonable doubt.” In the unpublished portions of the opinion, we conclude these contentions lack merit, and affirm the judgment.
In the published portion of this opinion, we agree with the Attorney General’s argument and modify the judgment to reflect an award of 76 days’ precommitment conduct credit. In all other respects, the judgment is affirmed. We also direct the court to prepare an amended abstract of judgment to reflect the correct credit award and the $200 fine.
Factual and Procedural Summary*
Discussion
I-Ifl*
IV
Appellant was confined for 512 days before sentencing. The trial court awarded him 332 days of precommitment conduct credit—16 days on count one and 256 days on count three. The Attorney General argues the court incorrectly calculated appellant’s conduct credit. The Attorney General argues that under Penal Code section 2933.1, appellant is entitled to only 15 percent of the time he served in precommitment confinement. Subdivision (c) of that statute provides: “Notwithstanding Section 4019 or any other provision of law, the maximum credit that may be earned . . . prior to placement in the custody of the Director of Corrections, shall not exceed 15 percent of the actual period of confinement for any person specified in subdivision (a).” Subdivision (a) applies to any person who is convicted of a felony offense listed in section 667.5. Appellant falls within that category.
By presenting this argument on appeal, the Attorney General implicitly recognizes that this court is authorized to entertain it and to grant the relief requested. In other cases, the Attorney General has argued that, pursuant to Penal Code section 1237.1, the appellate court lacks authority to correct errors in calculating the amount of presentence conduct credits to which a *270 defendant is entitled. That statute applies to appeals by a defendant. The constitutional problem that would be presented if the statute were to be construed to allow such corrections when sought by the People, but to refuse it when sought by the defendant, is manifest. At argument, the Attorney General recognized that fact and conceded that this court is empowered to correct these errors whenever either side requests such relief, so long as it is not the only issue on appeal. (See People v. Acosta (1996) 48 Cal.App.4th 411, 420 [55 Cal.Rptr.2d 675].)
We agree with the Attorney General, and grant the relief sought to correct an error in calculating presentence credits, which resulted in an unauthorized sentence. (See People v. Guillen (1994) 25 Cal.App.4th 756, 764 [31 Cal.Rptr.2d 653].) Because appellant was convicted of a felony offense listed in Penal Code section 667.5—attempted murder (subd. (c)(12)), and great bodily injury (subd. (c)(8))—he is entitled to no more than 15 percent conduct credits. (People v. Ramos (1996) 50 Cal.App.4th 810, 817 [58 Cal.Rptr.2d 24].) Fifteen percent, calculated to the greatest whole number, (without exceeding 15 percent), is 76 days. (See id. at p. 816 [explaining proper method of calculation].) “[S]ection 2933.1 applies to the offender not to the offense and so limits a violent felon’s conduct credits irrespective of whether or not all his or her offenses come within section 667.5.” (Id. at p. 817.) Therefore, appellant is entitled to 76 days of presentence conduct credit based on all counts.
V*
Disposition
The judgment is modified to reflect an award of 76 days’ precommitment conduct credit, and, as modified, is affirmed. The superior court is directed to prepare an amended abstract of judgment which reflects the correct award of precommitment conduct credit and the $200 fine.
Vogel (C. S.), P. J., and Hastings, J., concurred.
Appellant’s petition for review by the Supreme Court was denied February 3, 1999.

 See footnote, ante, page 267.

See footnote, ante, page 267.