Filed 9/20/13  P. v. Thompson CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072305 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F08007) |
| v. | |
| MOSES THOMPSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Moses Thompson has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find an error in the calculation of conduct credits that requires modification of the judgment.  We affirm the judgment as modified.

---

[1]     Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On November 25, 2011, defendant broke into 66-year-old Thomas McCartey's apartment and began punching him in the face and body. When McCartey fell to the ground, defendant continued his attack by stomping on him. Defendant then fled out the back window. McCartey suffered an orbital and nasal fracture as a result of the attack.

Shortly after the attack, McCartey's friend, Celeste,[2] came over to visit. She found McCartey on the floor crying out for help, called 911, and handed the phone to McCartey. While McCartey was on the phone, defendant returned, blocked Celeste in the bathroom and demanded she orally copulate him. When she did not immediately comply, he punched her in the face. Celeste responded by getting down on her knees, whereupon defendant forced her head down and put his penis in her mouth. When defendant attempted to close the bathroom door, Celeste feared he would kill her and took the opportunity to run. After a struggle, she managed to get away.

Police officers, responding to the 911 call, arrested defendant outside McCartey's apartment. Defendant admitted to entering McCartey's apartment, physically assaulting McCartey, and forcing Celeste to orally copulate him.

Defendant was charged with oral copulation by force (Pen. Code, § 288a, subd. (c)(2)),[3] two counts of first degree residential burglary (§ 459), assault upon McCarty by means likely to produce great bodily injury (§ 245, subd. (a)(1)) and having personally inflicted great bodily injury (§ 12022.7), violation of Celeste's personal liberty (§ 236), and assault upon Celeste by means likely to produce great bodily injury (§ 245, subd. (a)(1)).

---

[2] We use Celeste's first name only to protect her privacy.

[3] Further undesignated statutory references are to the Penal Code.

Defendant entered into a plea agreement wherein he pleaded no contest to all counts and admitted the enhancement in exchange for a stipulated term of 19 years four months in state prison. On September 28, 2012, the trial court sentenced him in accordance with the plea agreement as follows: the upper term of four years for the assault upon McCartey, plus three years for the great bodily injury enhancement; eight years (full upper term) for the forcible oral copulation; 16 months (one-third the midterm) each for the two burglaries; eight months (one-third the midterm for violation of Celeste's personal liberty; and, one year (one-third the midterm) for the assault on Celeste. The trial court also imposed various fines and fees and awarded defendant 356 days of presentence custody credit.

Defendant appeals. His request for a certificate of probable cause was granted. (§ 1237.5.)

On March 15, 2013, defendant's appellate counsel sent a letter the trial court, noting errors relating to the fines and fees imposed. The trial court corrected the judgment and abstract of judgment in response to defendant's appellate counsel's letter. However, one error remains, which was not noted by appellate counsel. Defendant served 309 actual days in custody prior to sentencing. Since his credits are limited to 15 percent pursuant to section 2933.1, he earned 45 (not 46) days of conduct credit, for a total of 354 (not 356) days of presentence custody credit. The miscalculation of presentence custody credits results in an unauthorized sentence that may be corrected at any time. (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764.) Thus, we shall modify the judgment to correct this mathematical miscalculation.[4]

---

[4] In the interest of judicial economy, we correct this error without requesting supplemental briefing. Any party wishing to address this issue may petition for rehearing. (Gov. Code, § 68081.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to award defendant with 309 actual days and 45 conduct days, for a total of 354 days of presentence custody credit.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract reflecting the change in custody credits and forward a certified copy to the Department of Corrections and Rehabilitation.


       NICHOLSON    , Acting P. J.


We concur:


     ROBIE    , J.


     DUARTE    , J.

4