Filed 10/29/13  P. v. Orbea CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C071909 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036046) |
| v. | |
| MARCEL ELLIS ORBEA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Marcel Ellis Orbea has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

436.)  We find an error in the calculation of custody credits, modify the order of probation, and affirm as modified.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On March 23, 2012, Diane Tai went grocery shopping and then returned to her residence, where defendant was staying because his home was in foreclosure.  While retrieving groceries from the car, Tai accidently let defendant's cat out of the house.  Defendant became enraged and began throwing groceries (including cans) at Tai, and struck her in the knee with a frozen dinner.  He then threw her cell phone and house phone across the room and away from her reach.

Afraid, Tai fled from the house in her wheelchair, which she required for mobility.  Defendant caught up with her outside, pushed her out of her wheelchair and onto the ground, and yelled at her.  Defendant then dragged Tai inside by the hood and collar of her sweatshirt, shouting, " 'I told you to get in the house, bitch.' "  Once inside the house, defendant repeatedly beat Tai with a wet towel and prevented her from leaving.

A neighbor heard the commotion and called the police.  When the officers arrived, defendant refused to cooperate and had to be forced to submit to being handcuffed.  Tai's damages exceeded $9,700.

Defendant was charged with inflicting corporal injury on a cohabitant, false imprisonment by violence, and resisting a peace officer.  (Pen. Code, §§ 273.5, subd. (a), 236, 148, subd. (a)(1).)  Defendant pleaded guilty to all three counts in exchange for an agreement that he would not initially receive a state prison sentence and that an additional case would be dismissed.

Sentencing took place on August 8, 2012.  The trial court placed defendant on three years of formal probation with 120 days in county jail.  The trial court also imposed

2

various fines and fees, including a $240 restitution fine, $1,140 in penal fines (including penalty assessments), and $9,734.01 in victim restitution, with jurisdiction reserved.

Defendant appeals. He did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

Our review of the record reveals an error that requires correction. According to the probation officer's report, defendant served 34 days in county jail prior to sentencing and earned 34 days of conduct credit during that time (as no credits were lost). The trial court credited defendant with the 34 days of actual time but inadvertently failed to award him the 34 days of Penal Code section 4019 conduct credits. The miscalculation of presentence custody credits results in an unauthorized sentence that may be corrected at any time. (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764.) Thus, we shall modify the order of probation to reflect those conduct credits.[2]

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order of probation) is modified to award defendant 34 days of conduct credit pursuant to Penal Code section 4019, for a total of 68 days of presentence credit. As modified, the judgment is affirmed. The trial court is directed to prepare an

---

[2] In the interest of judicial economy, we correct this error without first requesting supplemental briefing. Any party wishing to address this issue may petition for rehearing. (Gov. Code, § 68081.)

We note appellant's counsel directed a *Fares* letter to the trial court on January 22, 2013, advising it of the conduct credit issue. (*People v. Fares* (1993) 16 Cal.App.4th 954.) We have not received any notice that the trial court has amended the judgment (order of probation) to award the conduct credits.

amended order of probation and to forward a copy thereof to the appropriate agency and defendant.

                                          _____BUTZ_____, J.

We concur:

_____NICHOLSON_____, Acting P. J.

_____HULL_____, J.

4