Filed 8/4/21  P. v. Little CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DARVELLE B. LITTLE,<br><br>        Defendant and Appellant. | A161174<br><br>(Alameda County<br>Super. Ct. No. C171014) |

In this appeal from a resentencing proceeding, Darvelle B. Little contends the trial court misunderstood the extent of its discretion when it declined to strike a great bodily injury enhancement (Pen. Code, § 12022.7, subd. (a)).[1]  Little also argues—and the Attorney General agrees—he is entitled to additional custody credit.  We order the abstract of judgment modified.  In all other respects, we affirm.

---

[1] Undesignated statutory references are to the Penal Code.  We incorporate by reference our unpublished opinions in Little's prior appeals, *People v. Little* (Jan. 12, 2016, A140502) and *People v. Little* (Sept. 14, 2018, A149360 (*Little II*)), reciting only those facts necessary to resolve the issues in this appeal.  We grant Little's unopposed request for judicial notice.

1

BACKGROUND

In 2012, Little lured Jonathan C. to an alley under the guise of purchasing marijuana. Once there, Little robbed Jonathan and shot him in the leg, striking his femoral artery. Jonathan had "multiple lifesaving surgeries," without which he would have "bled to death."

The following year, a jury convicted Little of assault with a semiautomatic firearm (§ 245, subd. (b)) and second degree robbery (§ 211) and found true great bodily injury (§ 12022.7, subd. (a)) and firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subds. (b), (c), (d)). The trial court sentenced Little to 30 years to life in state prison, consisting of the aggravated 5-year term for robbery, plus 25 years to life on the section 12022.53, subdivision (d) enhancement. The court stayed imposition of sentence on the assault conviction and the remaining enhancements.

In September 2018, this court remanded for resentencing in light of section 12022.53, subdivision (h) which, beginning in January 2018, gives trial courts discretion to dismiss or strike firearm enhancements in the interest of justice. (*Little II*, *supra*, A149360.) When the case returned to the trial court, counsel for Little urged the court to strike the section 12022.53, subdivision (d) enhancement. Defense counsel acknowledged that Little caused "great bodily injury using a gun" and conceded that "[d]ischarging a gun during a robbery [and] causing a catastrophic injury, deserves . . . significant consequences." But Little's counsel suggested a 20-year enhancement under section 12022.53, subdivision (c)—rather than a 25-years-to-life term under subdivision (d)—would serve "the interest of justice." The probation department agreed. It recommended the court strike the section 12022.53, subdivision (d) enhancement and "impose sentencing for the other enhancements to address the great bodily injury enhancement."

2

The prosecution noted Little's conduct caused Jonathan's "tragic injuries" and that Little had failed to rehabilitate himself in prison. These circumstances, the prosecution argued, warranted the "life sentence." But in the alternative, the prosecution urged the court to impose a 20-year firearm enhancement, along with a 3-year great bodily injury enhancement. Defense counsel acknowledged the court had discretion to impose the great bodily injury enhancement, but also noted the court had the power to strike that enhancement in the interest of justice.

The court struck the section 12022.53, subdivision (d) enhancement and imposed a 20-year enhancement under subdivision (c). It imposed the aggravated 5-year term for the robbery and noted: "consecutive to that, I'm going to impose 3 years pursuant to [section] 12022.7." In making its ruling, the court described the incident as "a very serious assault with a firearm" that had gravely injured Jonathan. The court opined it was "completely unnecessary for Mr. Little to shoot [Jonathan] . . . . He could have accomplished the robbery without having done that." The court sentenced Little to 28 years in state prison; it awarded him 358 days of custody credit and 54 days of local conduct credit.

## DISCUSSION

### A.    Great Bodily Injury Enhancement

A section 12022.7, subdivision (a) great bodily injury enhancement carries a mandatory consecutive three-year sentence, but a trial court has discretion, in the interest of justice, to strike the enhancement. (*People v. Meloney* (2003) 30 Cal.4th 1145, 1155; *People v. Romero* (2019) 44 Cal.App.5th 381, 390.) A defendant is " 'entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) A court that is unaware of

3

its discretionary authority cannot exercise informed discretion. (*Id.* at p. 1391.)

Little claims the court did not understand that it had discretion to strike the section 12022.7 enhancement. The record belies that contention. Here, the probation department and the prosecution urged the court to impose the great bodily injury enhancement. In response, defense counsel stressed that the court had discretion to impose—or strike—the enhancement. When the court imposed sentence, it highlighted Little's gratuitous violence and the severity of Jonathan's injuries.

Thus, the record reflects no misunderstanding on the part of the trial court regarding the extent of its discretion to strike the great bodily injury enhancement. To the contrary, the record demonstrates the court was aware of its sentencing discretion and declined to strike the enhancement. (See *People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.) The absence of more detailed findings regarding the great bodily injury enhancement does not compel a conclusion that the court failed to exercise informed discretion in declining to strike that enhancement. (*People v. Thomas* (2011) 52 Cal.4th 336, 361 [in absence of evidence to the contrary, appellate court presumes trial court knows and applies governing law]; *People v. Alvarado* (2001) 87 Cal.App.4th 178, 195, fn. 5 [argument that the court misunderstood the scope of its discretion was premised on speculation].)

**B.    Custody Credit**

Little contends he is entitled to additional custody credit. The Attorney General agrees. The parties are correct. "A defendant is entitled to actual custody credit for 'all days of custody' in county jail" while awaiting trial and sentencing. (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) "Calculation of custody credit begins on the day of arrest and continues

through the day of sentencing." (*Id.* at p. 48.) A defendant "sentenced to prison for criminal conduct is entitled to credit against his term for all actual days of confinement solely attributable to the same conduct." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30.) "When . . . an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' " (*Id.* at p. 23.)

Here, the trial court, having modified Little's "sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*People v. Buckhalter*, *supra*, 26 Cal.4th at p. 37.) Little was arrested on December 14, 2012 and in custody until his October 1, 2020 resentencing, a total of 2,849 days. The abstract of judgment must be modified to award Little 2,849 days of custody credit. (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764.)

DISPOSITION

The superior court clerk is directed to prepare an amended abstract of judgment awarding Little a total of 2,903 days of credit, consisting of 2,849 days of custody credit and 54 days of local conduct credit, and to transmit a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

5

_____

Rodriguez, J. [*]

WE CONCUR:


_____

Needham, Acting P. J.


_____

Burns, J.

A161174

_____

[*] Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.