Filed 9/20/21  P. v. Stanley CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SHANDEN STANLEY,<br><br>　　　Defendant and Appellant. | A162049<br><br>(Alameda County<br>Super. Ct. No. H57966) |

Shanden Stanley appeals from a judgment after a jury convicted him of multiple charges relating to his assault and attempted murder of his ex-girlfriend and the trial court sentenced him to 120 years in state prison following two resentencing rehearings.  Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and requests that we conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Stanley was informed of his right to file a supplemental brief and did not do so.  Based on our review of the record, we modify the judgment to reflect 1,224 days of presentence custody credit.  Finding no arguable errors favorable to Stanley, we affirm the judgment as modified.

1

## FACTUAL AND PROCEDURAL BACKGROUND

A detailed discussion of the facts underlying Stanley's criminal convictions and previous sentencing hearings is set forth in our prior unpublished opinions. We repeat many of the facts nearly verbatim from those opinions.

On October 2, 2015, an information was filed charging Stanley with attempted murder (Pen. Code, §§ 187, subd. (a), 664[1]; count 1), mayhem (§ 203; count 2), two counts of unlawfully possessing a firearm (§ 29800, subd. (a)(1); counts 3, 8), two counts of inflicting corporal injury to a relationship partner (§ 273.5, subd. (a); counts 4, 9), making a criminal threat (§ 422; count 5), kidnapping (§ 207, subd. (a); count 6), and assault with a firearm (§ 245, subd. (a)(2); count 7). As to the attempted murder and mayhem charges, the information alleged Stanley had personally discharged a firearm causing great bodily injury (§§ 12022.5, subd. (a), 12022.7, subd. (a), 12022.53, subds. (b), (c), (d), (g).) As to one of the domestic violence charges and the threats, kidnapping, and assault charges, the information alleged Stanley had personally used a firearm (§§ 1203.06, subd. (1)(1), 12022.5, subd. (a), 12022.53, subds. (b), (g)). The information also alleged Stanley had suffered three prior felony convictions, each of which had resulted in a prior prison term (§ 667.5, subd. (b)), and two of which constituted strikes (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Stanley admitted one of the charged prior offenses and the parties agreed to a bifurcated court trial on the remaining prior conviction allegations.

At trial, evidence was presented that Stanley threatened, kidnapped, and assaulted his ex-girlfriend (the victim) on October 17, 2013. Two weeks later, on October 31, 2013, Stanley had a friend arrange a date with the

---

[1] All statutory references are to the Penal Code.

2

victim, who was working as a prostitute. When the victim went outside her apartment complex to meet Stanley's friend, Stanley approached with a gun and tried to pull her into his car. The victim broke free, and Stanley shot her in the head. The victim survived but was in a coma for weeks and remained in the hospital for months.

In June 2016, a jury found Stanley guilty of all charges and found true all the enhancement allegations. The trial court found true the allegations of prior offenses, except one prior prison term allegation. The court sentenced defendant to 150 years to life in prison, calculated as follows: On count 1 for attempted murder, the court imposed 25 years to life, with a consecutive 25 years to life for discharging a firearm causing great bodily injury and a consecutive 10 years resulting from "each five-year prior." On count 5 for making a criminal threat, the court imposed a consecutive term of 25 years to life, with a consecutive 10 years for the priors and a consecutive 10 years for the personal use of a firearm. On count 6 for kidnapping, the court imposed a consecutive term of 25 years to life, with a consecutive 10 years for the priors and a consecutive 10 years for the personal use of a firearm. The court imposed concurrent terms of 25 years to life on counts 3, 7, and 8 and stayed the sentences imposed on counts 2, 4, and 9 under section 654. Stanley appealed.

In May 2018, this court affirmed Stanley's conviction but remanded the case for resentencing. Specifically, we ordered that 30 years of Stanley's sentence (the consecutive 10-year terms imposed for prior convictions on counts 1, 5, and 6) be stricken because those years were based on prior convictions not explicitly pleaded in the charging document. We also ordered that "on remand, the [trial] court should consider whether to exercise its discretion to strike the weapons enhancements under recent amendments" to

3

certain enhancement statutes. Finally, we ordered the court to "correct the . . . calculation of presentence custody credits as identified by the parties." (*People v. Stanley* (May 2, 2018, Case A149507, 2018 WL 2041959) [nonpub. opn.] (*Stanley I*).)

On remand, the trial court resentenced defendant to 120 years to life in prison. The court did not address the issue of presentence custody credits. Stanley again appealed.

In April 2020, this court again remanded the case for resentencing. Specifically, we ordered the trial court to exercise its discretion in determining whether or not to strike the 25-year enhancement the original sentencing judge imposed under section 12022.53 subdivision (d) and, if stricken, whether to impose a reduced enhancement of either 10 or 20 years under section 12022.53 subdivisions (b) or (c), respectively. We also directed the trial court to calculate and award presentence conduct credits not to exceed 15 percent under section 2933.1. In all other respects, we affirmed the judgment. (*People v. Stanley* (Apr. 13, 2020, Case No. A156091) 2020 WL 1847551 [nonpub. opn.] (*Stanley II*).)

On remand, the trial court explained that it understood the range of its discretion with respect to the section 12022.53, subdivision (d) firearm enhancement. After reviewing the sentencing memoranda filed by the parties and hearing from both sides, the court opted not to strike or modify the 25-year sentence the two prior sentencing judges imposed under section 12022.53, subdivision (d). The court awarded Stanley 1,227 days of presentence custody credits. In its minute order, the court explained that at the conclusion of the resentencing hearing, the prosecutor contacted Alameda County Sheriff's Department in regard to Stanley's actual credits and noted: "Defendant has been in custody for 1067 actual days plus 157 days good

4

time/work time credit for a total of 1227 days as a result of the same criminal act(s) for which he/she has been convicted." In acknowledgment of Stanley's efforts towards becoming a more positive and productive person while incarcerated, the court reduced the restitution fund fine and parole revocation fine from $10,000 to $7,500 each. This appeal followed.

## DISCUSSION

Appellate counsel has filed a *Wende* brief asking this court to independently review the entire record to determine whether it reveals any issues that would, if resolved favorably to Stanley, result in reversal or modification of the judgment.

The court awarded Stanley "1067 actual days of custody credit plus 157 days of good time/work time credit for a total of 1227 days." The sum should be 1,224 days, not 1,227 days. (See *People v. Guillen* (1994) 25 Cal.App.4th 756, 764 [correcting mathematical error in custody credits].)

Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

## DISPOSITION

The judgment is modified to reflect 1,224 days of presentence custody credits. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

5

_____
Petrou, J.

WE CONCUR:


_____
Tucher, Acting P.J.


_____
Chou, J.*

*People v. Stanley/A162049*

---

\*      Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.