Filed 4/2/24  P. v. Snell CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098382 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF06233) |
| v. | |
| FLOYD LEE SNELL, JR., | |
| Defendant and Appellant. | |

Defendant Floyd Lee Snell, Jr., appeals a judgment entered after the trial court resentenced him on March 23, 2023.  Defendant's sole contention on appeal is that he is entitled to an additional 121 days of custody credit as a result of the reduction of his sentence in a Stanislaus County case, thus allowing the reallocation of custody credits to this one.  We note defendant's appellate counsel sought correction of this asserted error in the trial court in accordance with Penal Code section 1237.1 (statutory section citations that follow are to the Penal Code unless otherwise stated), thus allowing him to bring this issue on appeal.  However, having considered his arguments, we affirm the judgment.

1

FACTS AND HISTORY OF THE PROCEEDINGS

We limit this description to the information necessary to the disposition of defendant's argument on appeal. On December 9, 2020, defendant was arrested in Butte County, resulting in the filing of a felony complaint in Butte County case No. 20CF06233 (the Butte County Case). Defendant was released on his own recognizance in the Butte County Case on December 14, 2020.

Sometime in 2021, defendant possessed a controlled substance. On May 10, 2021, he pleaded guilty to possession of a controlled substance (Health & Saf. Code, § 11378) and received a 16-month state prison sentence in Stanislaus County Superior Court case No. CR21-003836 (the Stanislaus County Case) with credit for 11 actual days plus 10 conduct days for a total of 21 days' custody credit. On May 27, 2021, defendant was transferred to the California Department of Corrections and Rehabilitation (CDCR) to begin serving his sentence. He was returned to the Butte County Jail on August 3, 2021.

On November 18, 2021, defendant resolved the Butte County Case by pleading no contest to carrying a dirk or dagger (§ 21310), and in exchange, the remaining counts were dismissed and the prior strike allegation stricken. The case was set for sentencing on December 16, 2021. The record does not reflect why sentencing did not proceed on that day.

Unbeknownst to the parties, but later determined by CDCR, defendant completed his prison term in the Stanislaus County Case on December 29, 2021.

Thereafter, on February 3, 2022, the trial court sentenced defendant in the Butte County Case to an upper term of three years plus a consecutive term of eight months for the Stanislaus County Case. Neither the court, nor the parties acknowledged that defendant had already completed his time on the Stanislaus County Case. Defendant appealed, and this court reversed for resentencing in compliance with the amendments made by Senate Bill No. 567 (2021-2022 Reg. Sess.). (*People v. Snell* (Dec. 28, 2022,

2

C095676) [nonpub. opn.].)  We further acknowledged that defendant could address his concerns regarding the allocation of his custody credits on remand.  (*Ibid*.)

On January 31, 2023, the CDCR sent a letter alerting the trial court that there might be an error in defendant's abstract of judgment from the 2022 sentencing.  This letter identified the error as the eight-month consecutive sentence in the Stanislaus County Case because the Stanislaus County Case "was already served and since **<u>discharged</u>** effective December 29, 2021.  Therefore [the Butte County Case] should be sentenced to the full term without any sentence relationship to [the Stanislaus County Case]."  The letter further advised that having been told by CDCR of an illegal sentence, the trial court was entitled to reconsider all its sentencing choices.

At defendant's resentencing on March 23, 2023, the parties agreed with the CDCR's analysis concerning the Stanislaus County Case, and the trial court resentenced defendant to a three-year upper term for the Butte County Case with credit for 455 actual days plus 454 conduct days for a total of 909 days' custody credit.  Defendant timely appealed.

On August 29, 2023, defendant's appellate counsel filed a letter in the trial court asking that court to correct the allocation of defendant's custody credits.  Specifically, counsel asserted defendant was entitled to an additional 121 days' custody credit as a result of the reduction in defendant's sentence in the Stanislaus County Case from 16 months to eight months.  The trial court denied this request on November 2, 2023, finding defendant had already completed the Stanislaus County Case prison term prior to the sentencing in the Butte County Case.  Nonetheless, defendant was entitled to an additional six days' credit, bringing the court's award to 461 actual days plus 460 conduct days for a total of 921 days' custody credit.

DISCUSSION

Defendant argues, and the People agree, that he is entitled to any extra credits earned in the Stanislaus County Case from August 3, 2021, forward when he was in custody on both the Stanislaus County Case and the Butte County Case. This agreement, however, does not mean defendant is entitled to the relief he seeks.

This court agrees in principle that defendant is entitled to any extra credits that may have been erroneously credited in excess of those required to satisfy the sentence in the Stanislaus County Case where that custody was also attributable to the Butte County Case. (*People v. Snell*, *supra*, C095676; see e.g., *People v. Marquez* (2003) 30 Cal.4th 14, 22-23 [because the earlier action had been dismissed, the strict causation rule did not prohibit the awarding of credit for the period where the latter case had placed a custody hold on the defendant then in custody in the earlier action]; *People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1128-1129 [custody attributable to both cases such that once resentenced in one matter, excess credit could be applied to the other]; *People v. Shropshire* (2021) 70 Cal.App.5th 938, 948-949 [same].) However, we disagree with defendant's suggestion that he is entitled to have the custody credits reallocated as a result of the reduction of his sentence in the Stanislaus County Case from 16 months to eight months, which occurred in February 2022. Defendant has not shown that he is entitled to that reduction.

On the contrary, it is undisputed that the original 16-month prison term associated with the Stanislaus County Case was completed and discharged on December 29, 2021. Defendant has provided no authority showing the trial court had jurisdiction to alter that completed sentence when it "resentenced" him to an eight-month consecutive term in that case on February 3, 2022. Nor has he explained why he should receive that reduction in light of: (1) this court's reversal of the February 3, 2022, judgment for resentencing

4

(*People v. Snell*, *supra*, C095676) and (2) his trial counsel's March 23, 2023, agreement that resentencing in the Stanislaus County Case was not required.

Moreover, defendant has not shown an error in the calculation of custody credits for the time he spent in custody after the Stanislaus County Case's sentence was discharged in December 2021, and we decline to find any latent ambiguity in whether defendant received the credit he was due. The trial court was aware of all relevant circumstances when it reallocated defendant's custody credits in the Butte County Case on November 2, 2023. While misallocation of custody credits results in an unauthorized sentence that is correctable when presented (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764), defendant still has the duty to overcome the presumption of correctness and affirmatively demonstrate prejudicial error. (*People v. Davis* (2023) 87 Cal.App.5th 771, 779.) He has failed to do so here.

DISPOSITION

The judgment is affirmed.

_____
HULL, J.

We concur:


_____
EARL, P. J.



_____
WISEMAN, J.*



_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.