Filed 9/5/25  P. v. Tara CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084647 |
| v. | (Super. Ct. No. RIF2002993) |
| SHAUN DANIEL TARA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Affirmed with direction.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, and Adrian R. Contreras, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Defendant and appellant Shaun Tara contends the trial court erroneously sentenced him without him present and erroneously failed to recalculate his custody credits. We disagree with his first point but agree with the second. We therefore affirm the judgment and order a modification of the abstract of judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was sentenced to life without the possibility of parole, plus 57 years after he was convicted of murder (Pen. Code, §187, subd. (a))[1] and attempted murder (§ 187, subd. (a)).[2] We affirmed the judgment of conviction, but vacated defendant's sentence and remanded for the trial court to decide whether to impose a firearm enhancement and resentence defendant accordingly. (*People v. Tara* (Nov. 28, 2023, E077913) [nonpub. opn.].)

---

[1] All further statutory references are to the Penal Code.

[2] The full facts and procedural history are not relevant to this appeal, but they are outlined in our prior unpublished opinion. (*People v. Tara*, *supra*, E077913.)

After our remand, the trial court continued the sentencing hearing multiple times. In its minute orders continuing the hearing on two occasions, the court stated that defense counsel would contact defendant to see if he wanted to be present at the resentencing hearing and, if so, defense counsel would prepare a transportation order for the court's approval. When continuing the hearing for the last time, the court's minute order stated that the court had signed and filed a transportation order for defendant.

When the hearing was held about a month later, however, defendant was not present. Defense counsel explained that he properly served the transportation order for defendant, but the prison told him that defendant "had refused transportation." Defense counsel considered that to be "a waiver of [defendant's] personal presence." The trial court agreed, finding that defendant waived his presence at the sentencing hearing "by refusing transportation." The court then resentenced defendant to the same sentence as before.

## III.

## DISCUSSION

The trial court did not err by sentencing defendant without him present. When, as here, a defendant impliedly waives his right to be present at sentencing by voluntarily not showing up, the trial court may still sentence the defendant in his absence. (*Taylor v. United States* (1973) 414 U.S. 17, 20; *People v. Concepcion* (2008) 45 Cal.4th 77, 82, fn. 7; *People v. Gutierrez* (2003) 29 Cal.4th 1196, 1206 ["A defendant's 'consent need not be explicit. It may be implicit and turn, at least in part, on the actions of the defendant.']".)

We will affirm a trial court's decision to sentence a defendant in their absence if substantial evidence supports the trial court's finding that the defendant was voluntarily absent. (*People v. Espinoza* (2016) 1 Cal.5th 61, 75-76.)

Substantial evidence supports the trial court's finding that defendant was voluntarily absent from the sentencing hearing. On two separate occasions, the trial court continued the sentencing hearing so defense counsel could see if defendant wanted to be present at the hearing. On both occasions, the court directed defense counsel to prepare and submit a transportation order to the court if defendant wanted to attend the sentencing hearing. Defense counsel later submitted a proposed transportation order, which the court approved, and defense counsel served it on the prison. When the time came for defendant to go to the hearing, however, he "refused transportation" and did not go to the hearing. Given this, the trial court reasonably found that defendant was voluntarily absent from the hearing. (See *People v. Gutierrez*, *supra*, 29 Cal.4th at p. 1206 [defendant's actions may implicitly waive right to be present].) Because the record "supports the trial court's view that defendant was '"aware of the processes taking place,"' that he knew '"his right and of his obligation to be present,"' and that he had '"no sound reason for remaining away,"'" the trial court properly sentenced defendant in his absence. (*People v. Espinoza*, *supra*, 1 Cal.5th at pp. 74-75.) Doing so did not violate his constitutional rights, as he claims.

4

Defendant alternatively argues that the trial court's sentencing him in his absence violated sections 977 and 1043. We disagree. Although section 977 provides that defendants have a right to be present at sentencing, that right is not absolute, and can be waived when a defendant "voluntarily absents himself." (*People v. Howze* (2001) 85 Cal.App.4th 1380, 1393-1394; *People v. Martinez* (2024) 106 Cal.App.5th 892, 912.) The same is true for section 1043. (*People v. Martinez*, *supra*, at p. 912.) What's more, section 1043 concerns only the defendant's right to be present at trial, not at sentencing. In any event, for the reasons outlined above, defendant waived any right to be present at the sentencing hearing under sections 977 and 1043 by refusing to be transported from prison to the hearing. (*People v. Martinez*, *supra*, at p. 912.)

Defendant next argues, the People concede, and we agree that the trial court erroneously failed to recalculate defendant's custody credits at the resentencing hearing. Instead, the court awarded the same amount of custody credits (408 days) as the court awarded at the original sentencing held years before. We agree with the parties that defendant should have been awarded 1,430 days of custody credit. (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 27.) We therefore modify the abstract of judgment to reflect that defendant is entitled to 1,430 days of custody credit. (See *People v. Guillen* (1994) 25 Cal.App.4th 756, 764-765.)

IV.

DISPOSITION

The abstract of judgment is modified to reflect that defendant is entitled to 1,430 days of custody credit.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.