Filed 4/15/25  P. v. Escarsega CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROMAN ESCARSEGA,<br><br>    Defendant and Appellant. | F087679<br><br>(Super. Ct. No. VCF371049)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Levy, J. and Peña, J.

On September 22, 2022, defendant Roman Escarsega was convicted by a jury of two counts of second degree robbery and one count of discharging a firearm with gross negligence.  The jury also found multiple firearm enhancements true.  The trial court imposed an aggregate sentence of 24 years, and defendant appealed.  We vacated defendant's sentence and remanded for a full resentencing.  (*People v. Escarsega* (Nov. 16, 2023, F085449) [nonpub. opn.].)[1]

On February 28, 2024, the trial court resentenced defendant.  The court again imposed an aggregate sentence of 24 years, which included a 20-year firearm enhancement.  On appeal, defendant argues that the trial court abused its discretion by denying his request to strike the 20-year firearm enhancement.  The People disagree.  We affirm.  We also correct an error in the calculation of custody credits.[2]

---

[1]  On August 27, 2024, defendant filed a request for judicial notice of the clerk's transcript in *Escarsega*, specifically defendant's statement in mitigation filed on November 18, 2022.  We previously deferred our decision on this request until we considered this appeal on the merits.  Additionally, in the respondent's brief, the People ask us to take judicial notice of the record on appeal and the opinion in *Escarsega*.  Defendant joined in this request.  Accordingly, pursuant to Evidence Code sections 452, subdivision (d) and 459, we take judicial notice of the record on appeal and the opinion in *Escarsega*, including defendant's statement in mitigation.

[2]  While defendant was resentenced over a year after he was initially sentenced, the trial court only awarded defendant three additional days of custody credits.  Accordingly, we directed the parties "to submit supplemental briefing to address:  (1) whether the trial court erred in its custody credit calculation and, if so, (2) whether defendant's counsel should file a *Fares* letter (*People v. Fares* (1993) 16 Cal.App.4th 954) with the trial court or whether this court should correct the error without first affording the trial court an opportunity to do so."  The parties agree, as do we, that the court erred and that we may correct the error.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 41; *People v. Acosta* (1996) 48 Cal.App.4th 411, 427; *People v. Wrice* (1995) 38 Cal.App.4th 767, 773.)

Here, the trial court awarded defendant 1,759 days of custody credits on December 1, 2022.  Defendant was resentenced on February 28, 2024, and is entitled to an additional 454 days of custody credits.  Thus, defendant is entitled to a total of 2,213 days of custody credits.  We will direct the trial court to prepare an amended abstract of judgment and forward a copy to the appropriate authorities.

## PROCEDURAL HISTORY

On January 29, 2020, the Tulare County District Attorney filed an information charging defendant with two counts of willful, deliberate, and premeditated attempted murder of a peace officer (Pen. Code,[3] §§ 187, subd. (a), 664, subds. (e) & (f); counts 1 & 2), two counts of second degree robbery (§ 211; counts 3 & 4), and one count of discharge of a firearm with gross negligence (§ 246.3, subd. (a); count 5). As to all counts, the information alleged that defendant personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), used a firearm (§ 12022.5, subd. (a)(1)), and personally used a firearm (§ 12022.53, subd. (b)).

On September 22, 2022, defendant was found guilty by a jury on counts 3, 4, and 5. The jury also found true all three firearm enhancements for the second degree robbery convictions (counts 3 & 4). Defendant was acquitted of the attempted murder charges in counts 1 and 2.

On December 1, 2022, the trial court imposed an aggregate term of 24 years, and defendant appealed. After requesting supplemental briefing, we found that the trial court imposed an unauthorized sentence because it imposed a term consecutively while imposing the firearm enhancement attached to that term concurrently. (*People v. Escarsega*, *supra*, F085449.) Accordingly, we remanded the matter for a full resentencing. (*Ibid*.)

The trial court conducted the resentencing hearing on February 28, 2024. The trial court again imposed an aggregate sentence of 24 years, which included a 20-year firearm enhancement.

On that same day, defendant timely filed a notice of appeal.

---

**3** All further undesignated statutory references are to the Penal Code.

3.

## I. Applicable Law

On January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) went into effect, amending section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

Section 1385, subdivision (c)(1), provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2), provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

## II. Standard of Review

A trial court's decision not to dismiss an enhancement pursuant to section 1385, subdivision (c), is reviewed for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Additionally, "an abuse of discretion arises if the trial court based its decision on impermissible factors [citation] or on an incorrect legal standard." (*People v. Knoller* (2007) 41 Cal.4th 139, 156; see also

---

[4] As the only issue on appeal relates to the sentence imposed by the trial court, we omit a summary of the facts underlying the offenses.

*Conservatorship of Bower* (2016) 247 Cal.App.4th 495, 506.)  Finally, "[w]hen being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion.  [Citation.]  A court acting while unaware of the scope of its discretion is understood to have abused it."  (*People v. Tirado* (2022) 12 Cal.5th 688, 694.)

## III.  Resentencing Hearing

Defendant was resentenced on February 28, 2024.  At the hearing, defendant asked the trial court to strike the firearm enhancements attached to counts 3 and 4 pursuant to section 1385.  Defendant argued that multiple mitigating circumstances were present.  Defendant also argued that dismissal of the enhancements did not pose a danger to public safety.  The offenses occurred when he was 22 years old and under the influence of drugs.  At the time of the hearing, defendant was paralyzed from the waist down; he had no access to drugs because of his incarceration; and his prefrontal cortex was "presumably more mature" because he was 27 years old.

The prosecutor did not challenge the existence of mitigating factors.  Instead, he argued that the firearm enhancement attached to count 3 should not be dismissed because "defendant has an extremely violent" and "lengthy record."  He further argued that defendant shot at officers, and "the fact that he's in a wheelchair … does not prevent him from committing violent felonies."

The trial court adopted its analysis from the prior sentencing hearing in full.  At that hearing, the court agreed that there were multiple mitigating circumstances that greatly weighed in favor of dismissing the enhancements.  However, it "[found] the circumstances of this offense and defendant's history compels a finding that dismissal of the enhancements would result in serious danger and physical injury to others."  The court noted that defendant robbed two store clerks.  He also "brazenly and intentionally discharged his weapon" inside the store, "where customers were coming and going," "without regard at all to human life."  Further, he "was apprehended after discharging his weapon, again, as police officers attempted to detain him.  Again, without regard to

5.

human life to persons in the public place vicinity." The trial court also relied on defendant's prior record as a juvenile, which included "misdemeanor battery, a violation of probation, two counts of felony resisting executive officers, misdemeanor terrorist threats, two counts of felony assault with a deadly weapon, and two counts of resisting arrest." While the court gave "serious consideration" to defendant's disability and how it affected "his present dangerousness," it found "that defendant is a present danger to others and continues to present a physical threat to the community," and he "is able … to continue to present that threat even in his disabled condition."

The trial court also stated:

> "I repeat simply for the record now those findings included [in] my determination that the evidence showed defendant robbed two clerks from the gas station convenience store where customers were coming and going in broad daylight.

> "He brazenly and intentionally discharged his weapon inside the store in the course of the robbery without regard to human life.

> "He was apprehended after discharging his firearm as police officers attempted to detain him. Again, without regard to human life and the public in the vicinity.

> "Furthermore, defendant's prior record as a juvenile includes battery, violations of probation, two counts of felony resisting an executive officer, misdemeanor terrorist threats, two counts of felony assault with a deadly weapon, and two counts of resisting arrest.

> "This is a case where the [c]ourt easily finds … defendant has for many years, continued to be a danger to society, and for all the reasons stated on December 1, 2022, continues to deny defendant's request to dismiss the special allegation attached to [c]ount 3, finding it is not in the interest of justice to do so."

However, the trial court did strike the firearm enhancement attached to count 4.

The trial court subsequently sentenced defendant as follows: as to count 3, three years (the middle term), plus a consecutive 20-year firearm enhancement pursuant to section 12022.53, subdivision (c); as to count 4, a consecutive term of one year

6.

(one-third the middle term); and as to count 5, two years (the middle term), stayed pursuant to section 654. Additionally, the court awarded defendant 1,762 days of custody credits.[5]

## IV. Analysis

Defendant argues that the trial court's finding that he was a danger to society was not supported by the record. While defendant is correct that there are facts that support striking the firearm enhancement attached to count 3, including defendant's age and disability, on appeal we only determine whether the trial court abused its discretion, and here it did not.

As the trial court noted, defendant has a long juvenile record, which includes probation violations and convictions for assault with a deadly weapon.[6] Additionally, in this case, not only did defendant possess a firearm when committing the crimes at issue, he fired it multiple times in a populated area, exhibiting, as the jury found when it convicted defendant on count 5, gross negligence. Given this, we cannot say the court's finding that dismissal of the enhancement would endanger public safety was so irrational or arbitrary that no reasonable person could agree. Moreover, because of this finding, the trial court was not required to give great weight to any of the mitigating circumstances. (§ 1385, subd. (c)(2); *People v. Mendoza*, *supra*, 88 Cal.App.5th at p. 296, fn. omitted ["if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances"].)

Defendant also argues that the trial court abused its discretion because it applied an incorrect legal standard. According to defendant, when determining whether dismissal of an enhancement would endanger public safety, "[t]he focus should not be on whether

---

[5]    As discussed above, this calculation was incorrect. Defendant had 2,213 days of custody credits.

[6]    Defendant did not challenge the trial court's findings of fact below, nor does he challenge them on appeal.

the defendant would be a danger to public safety at the time of the sentencing hearing, but whether he will be a danger at the time of his release if the enhancement is dismissed."

It is true that, while current dangerousness is a factor to consider, "a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence." (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 228.) However, defendant was sentenced to 24 years. If the trial court struck the 20-year firearm enhancement, defendant's sentence would have been reduced to four years. As defendant had 2,213 days of custody credits, he would have been immediately released. Thus, in this case, the analysis as to his current dangerousness is the same analysis as to whether he would be a danger at the time of his release. Accordingly, this argument fails.

Defendant also argues that the trial court should have considered imposing "a lesser and uncharged [firearm] enhancement." However, defendant did not ask the trial court to consider imposing a lesser and uncharged offense, and thus forfeited this argument.[7] Moreover, "[o]n appeal, we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant."

---

[7] " 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons .…" ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.) "Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] ' " ' "The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " ' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114; accord, *People v. Salazar* (2016) 63 Cal.4th 214, 239–240; *People v. French* (2008) 43 Cal.4th 36, 46.)

(*People v. Weddington* (2016) 246 Cal.App.4th 468, 492; see also *People v. Thomas* (2011) 52 Cal.4th 336, 361 ["In the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law' "].) We see no reason why this presumption should not apply here.

Finally, defendant argues that, because section 1385, subdivision (c)(2)(B) says "all enhancements beyond a single enhancement *shall* be dismissed" (italics added), the trial court had no discretion and was required to dismiss all enhancements except one. To begin, as the court in *People v. Cota* (2023) 97 Cal.App.5th 318 noted, every published opinion to address this argument has rejected it. (*Id*. at p. 335.) More importantly, the trial court did dismiss all enhancements except one. Thus, this argument fails as well.

Based on the foregoing, the trial court did not abuse its discretion in declining to strike the firearm enhancement attached to count 3.

## DISPOSITION

The judgment is affirmed. The trial court is ordered to prepare an amended abstract of judgment reflecting that defendant had 2,213 days of custody credits, and to forward a copy of the amended abstract to the appropriate authorities.